UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY FACIONE and ERIN
FACIONE,                                    Case No. 14-12426

      Plaintiffs,                     Honorable Nancy G. Edmunds

v.

CHL MORTGAGE PASS-THROUGH
TRUST 2006-J1, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-J1,

      Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT [10] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT [7]**

Plaintiffs' suit arises out of the foreclosure and February 11, 2014 sheriff's sale of residential property located at 28600 Coyote Court, New Hudson, Michigan, 48165 (the "Property") to the Bank of New York Mellon ("BNYM" or "Defendant") f/k/a the Bank of New York, as Trustee for the named Defendants. Plaintiffs allege that the mortgage and note associated with the Property were not properly transferred to BNYM and, as a result, BNYM did not possess the authority to legally foreclose on the Property under Michigan's foreclosure by advertisement statute. Plaintiffs seek relief in the form of a judgment setting aside the sheriff's sale and declaring that their interest in the Property is superior to all others.

Currently before the Court is BNYM's motion to dismiss Plaintiffs' amended complaint. (Dkt. # 10). For the reasons stated below, this Court GRANTS BNYM's motion.

I.   **FACTS**

On August 19, 2005, Plaintiffs entered into a mortgage loan transaction with Golden Mortgage Corporation (the "Lender").   As security for the loan, Plaintiffs executed a promissory note in the amount of $478,400 in favor of the Lender, which was subsequently transferred to Flagstar Bank, FSB. (Def.'s Mot. Ex. A). The note was secured by a mortgage on the Property providing Mortgage Electronic Systems ("MERS") with the authority to act "solely as a nominee for Lender and Lender's successor's and assigns." (*Id.* at Ex. B). On December 31, 2012, MERS executed a written assignment of the mortgage to BNYM as trustee for the Defendant. Significantly, the assignment took place prior to the sheriff's sale and provided BNYM with "all [MERS'] right, title, and interest . . . . " in the mortgage. (*Id.* at Ex. C).

On August 15, 2013, Bank of America, N.A. ("BANA"), the loan servicer, notified Plaintiffs that it was accelerating the outstanding balance due on the loan. (Compl. ¶ 17). Approximately three months later, on November 19, 2013, BNYM commenced foreclosure proceedings against Plaintiffs, publishing notice of the proposed sheriff's sale in the Oakland County Legal News. (Compl. Ex. E).  On February 11, 2014, the Property was sold at a foreclosure sale to BNYM for $586,595.37. The statutory redemption period expired on August 11, 2014, at which point legal title vested in BNYM.

On June 6, 2014, BNYM removed this case from the Oakland County Circuit Court to this Court on the basis of diversity jurisdiction. BNYM filed a motion to dismiss Plaintiffs' original complaint on September 12, 2014. Rather then file a response to BNYM's motion, Plaintiffs' opted to file an amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. In their amended complaint, Plaintiffs contest the assignment of

2

mortgage and seek to have title to the Property quieted in their favor. Plaintiffs further allege that the foreclosure proceedings instituted by BNYM were illegal under Michigan law. On October 8, 2014, BNYM filed a motion to dismiss Plaintiffs' amended complaint. As such, the Court need not address BNYM's first motion, and hereby denies it as moot. (Dkt. # 7).

## II.  LEGAL STANDARD

### A.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.  Finally, the Court must

3

always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007) (citing Fed.R.Civ.P. 10(c))."A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addiiton documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim.*" Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999) (internal quotation marks and citations omitted).

## III.   ANALYSIS

The crux of Plaintiffs' amended complaint revolves around the claim that BNYM did not have legal authority to foreclosure on the Property because the mortgage was never properly transferred. Not only is the very premise of Plaintiffs' argument unsupported by the record, their claims are legally deficient under the vast body of precedent governing this area of the law.

### A.  Plaintiffs Failed to Exercise Their Redemption Rights

It is well established that "once the redemption period following foreclosure of a property has expired, . . . the former owner's rights in and title to the property are extinguished.  At that point, the former owner loses [the ability] to assert claims with respect to the property." *Luster v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (citing cases).  Here, there is no dispute that Plaintiffs redemption period expired on August 11, 2014.  Because Plaintiffs

4

failed to timely exercise their redemption rights, they cannot now collaterally attack any aspect of the foreclosure or sheriff's sale. *See Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).

Once the statutory redemption period expires, "'[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement . . . in the absence of a clear showing of fraud, or irregularity.'" *Luster*, 2012 WL 124967 at *2 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). Plaintiffs' amended complaint alleges no facts suggesting the existence of fraud in connection with BNYM's foreclosure by advertisement. Moreover, as the Michigan Court of Appeals observed in *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, *2 (Mich. Ct. App. Dec. 28, 2001), "the type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself." As mentioned, the entirety of Plaintiffs' claim is focused on BNYM's assumption of the mortgage. In other words, even assuming, *arguendo,* that the complaint could be reasonably construed as raising a fraud claim–which it cannot–Plaintiffs have failed to allege any defects with respect to the foreclosure sale itself.

### B. Plaintiffs Have no Effective Means of Challenging the Assignment

As a last ditch effort, Plaintiffs attempt to argue that a recent Sixth Circuit decision, *Slorp v. Lerner, Sampson & Rothfuss,* 13-3402, 2014 WL 4800100 (6th Cir. 2014) supports their ability to challenge the assignment of mortgage between MERS and BNYM. While *Slorp* does reaffirm the widely understood principle that "a non-party homeowner may challenge a putative assignment's validity on the basis that it was not effective to pass legal

5

title to the putative assignee", it does not expand the narrow grounds upon which such a challenge may be based. *Id.* at *4-5.

As the court originally explained in *Livonia Props. Holdings, LLC, v. 12840-12976 Farmington Rd. Holdings, LLC,* 399 Fed. App'x. 97, 102 (6th Cir. 2010), while "there is ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing [under Michigan law] to challenge that assignment" an obligor:

> may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void. These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment, none of which are available in the current matter. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice.

*Id.* (citations omitted). The court then rejected the borrower's challenge to the assignment's validity:

> In this case, [the borrower] is not at risk of paying the debt twice, because [the assignee] has established that it holds the original note. [The assignee] has produced ample documentation that it was in possession of the note and had been assigned all rights therein prior to the initiation of foreclosure proceedings. The district court reviewed the copies in exhibits and the originals produced by [the assignee] and was satisfied that they were authentic. Without a genuine claim that [the assignee] is not the rightful owner of the loan and that [the borrower] might therefore be subject to double liability on its debt, [the borrower] cannot credibly claim to have standing to challenge the [assignment].

*Id.* Following *Livonia*, Michigan courts and the Sixth Circuit have "rejected challenges to mortgage assignments, but have recognized that such challenges may be permitted where the borrower has a valid claim that he will face double liability." *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 512 (6th Cir. 2013) (citing *Bank of N.Y. Mellon Trust Co., Nat'l Ass'n v. Monsivaes*, No. 310696, 2013 WL 2495045, at *3 n. 4 (Mich. Ct. App. June 11, 2013); *Famatiga v. Mortg. Elec. Registration Sys.*, No. 304726, 2013 WL 1137186, at

6

*2 (Mich. Ct. App. Mar. 19, 2013).

Contrary to Plaintiffs' suggestion, *Slorp* does not alter the framework set forth in *Livonia* and its progeny. In fact, the court specifically acknowledged that "*Livonia Properties* discusses the . . . circumstances in which a homeowner may impede foreclosure by attacking the assignment of the mortgage. That opinion says nothing about when a homeowner may bring suit to seek redress for fraudulent or deceptive acts . . . ." 2014 WL 4800100 at *5. Indeed, the primary question before the court in *Slorp* was whether the plaintiff had "standing to bring [consumer protection], falsification, and conspiracy claims against the defendants . . . ." *Id.* at *6. This "distinction makes all the difference." *Id.* at * 5. Here, Plaintiffs have not, and seemingly cannot, state a claim sounding in fraud, and make no attempt to compare BNYM's actions with those alleged against the defendants in *Slorp*. Rather, Plaintiffs' suit is much more akin to the *Livonia* variety, alleging "technical defects that prevented [BNYM] from establishing record chain of title under Michigan Law." *Id.*

In order to comply with Section 600.3204(3) of Michigan's foreclosure statute, "a record chain of title [must] exist prior to the date of the sale . . . evidencing the assignment of the mortgage to the party foreclosing." Mich. Comp. Laws. § 600.3204(3). In *Livonia*, the Sixth Circuit held, in effect, that this section of the statute requires a record showing "a clear chain of title from the original mortgagee to [the party foreclosing on the mortgage]." 399 F.App'x 97, 101. Here, as in *Livonia*, BNYM "has produced ample documentation that it was in possession of the note and had been assigned all rights therein prior to the initiation of foreclosure proceedings." *Id.* at 102; *See* (Def.'s Mot. Ex. A, B, C). Indeed, Plaintiffs fail to direct the Court's attention to any public record that undermines the chain

7

of title as recorded. *See Carmack v. Bank of New York Mellon*, 534 Fed. App'x. 508 (6th Cir. 2013) (affirming the district court's dismissal of the plaintiff's claim under § 600.3204(3) for failing to successfully challenge the record chain of title).

Accordingly, the Court must, and does, grant BNYM's motion to dismiss Count III of the amended complaint.

## C.  BNYM was Legally Permitted to Foreclose on the Property

Plaintiffs' complaint also implicates § 600.3204(1)(d)'s requirement that the foreclosing party own the indebtedness secured by the mortgage. Mich. Comp. Laws. § 600.3204(1)(d).  Because BNYM was the record holder of Plaintiffs' mortgage at the time the foreclosure was initiated, it was authorized to foreclose by advertisement under Michigan Law. This authority was recognized by the Michigan Supreme Court in *Residential Funding Co., LLC v. Saurman,* 805 N.W.2d 909 (Mich. 2011). The *Saurman* court observed that the owner of record "own[s] a security interest lien on the [mortgaged] propert[y], the continued existence of which [is] contingent upon the satisfaction of the indebtedness," and "[t]his interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent upon the satisfaction of the indebtedness–authoriz[s] [the record-holder of the mortgage] to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.* at *5.

Even assuming, *arguendo*, that BNYM did fail to strictly adhere to Section 600.3204's requirements, Plaintiffs "must do more than rest [their] case on speculative, harm. [They] must establish prejudice (such as double liability) resulting from [BNYM's] failure to adhere to the statute's requirements." *Carmack*, 534 Fed. App'x at 512; *See also Kim v. JPMorgan Chase Bank, N.A.,* 825 N.W.2d 329, 337 (Mich. 2012) (To establish an actionable defect

8

under § 600.3204, a plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute.") Noticeably absent from Plaintiffs' pleadings is any suggestion of prejudice stemming from a defect in the foreclosure process. Indeed, "Plaintiff[s] [have] not presented any evidence that [some third-party] is attempting to collect on the note, or intends to collect on the note." *Cable v. Mortgage Electronic Registration Systems,* No. 11-14877, WL 2374236, *4 (E.D. Mich. June 22, 2012) (Denying the plaintiff's prejudice argument based on "mere conjecture that he could be subject to double liability . . . . ") Accordingly, Plaintiffs have failed to establish that (1) BNYM was not the record-holder of the mortgage at time of the foreclosure, or (2) in the alternative, that BNYM's foreclosure subjected them to double liability.

Finally, Plaintiffs' claim that "MERS was not authorized to assign the mortgage to BNYM after the close date [of the trust]" is similarly unpersuasive. (Plfs. Resp. 2). This argument has been considered–and rejected–by numerous courts and need not be discussed at length here. *See e.g. Moss v. Wells Fargo Bank, N.A.* No-13429, 2012 WL 1050069, *6 (E.D. Mich. Mar. 28, 2012) (observing that "the plaintiffs have presented no argument or authority to demonstrate on what basis they can challenge a breach of [the trust] agreement, to which the plaintiffs are not parties.); *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010) (same).  Accordingly, Plaintiffs' wrongful foreclosure claim under Count II of the complaint must be dismissed.

## D.  Plaintiffs Cannot State a Claim for Quiet Title

Plaintiffs final count purports to state a claim for quiet title. As BNYM correctly points

9

out, however, the Sixth Circuit has recently held that quiet title is a remedy, not an independent cause of action. *Goryoka v. Quicken Loans*, 519 Fed. App'x 926, 929 (6th Cir. March 18, 2013). Moreover, Plaintiffs have failed to establish the very interest this statutory mechanism seeks to protect; namely, superior title.

Under Mich. Comp. Laws § 600.2932(1) "Any person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest]."   In order to prevail under this section, a plaintiff must establish a substantive interest in the property superior to any challengers. *Beach v. Twp. of Lima*, 802 N.W.2d 1, 8 (Mich. 2011). Plaintiffs bear the burden of establishing a prima facie case of superior title. *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App.1984) (citation omitted). "Establishing a prima facie case of title requires a description of the chain of title through which ownership is claimed." *Sembly v. U.S. Bank, N.A.*, No. 11–12322, 2012 U.S. Dist. LEXIS 1440, *9 (E.D.Mich. Jan. 6, 2012).

As discussed throughout this Opinion and Order, Plaintiffs have failed to allege facts even remotely suggesting that they hold superior title to the Property. Rather, Plaintiffs make wholly conclusory allegations such as "Defendants have no legally substantiated interest in the [Property] outside of a 'wild' instrument of assignment . . . . "  (Amend Compl. ¶ 25). "Ironically, Plaintiff's Complaint supports a finding that Defendant has superior title to the Property based on the sheriff's sale and expiration of the redemption period."  *Delap v. U.S. Bank, N.A.*, No. 14-11970, 2014 WL 4473845, at *7 (E.D. Mich. Sept. 9, 2014).

Accordingly, the Court dismisses Count I.

**IV. CONCLUSION**

10

For the reasons set forth above, the Court hereby GRANTS BNYM's motion to dismiss the amended complaint. (Dkt. # 10). Accordingly, BNYM's motion to dismiss the original complaint (Dkt. # 7) is DENIED as moot. This order closes the case in its entirety.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 21, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2014, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager

11